1
2
3
4
5
6
7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

KWAI LING CHAN,

11                              Plaintiff,

12              v.

13      CHASE HOME LOANS INC, et al.,

14                              Defendants.

15

CASE NO. C12-0273JLR

ORDER DENYING MOTIONS
FOR PRELIMINARY
INJUNCTION AND
TEMPORARY RESTRAINING
ORDER AND DISMISSING
COMPLAINT

## I.    INTRODUCTION

16

17          This matter is before the court on *pro se* Plaintiff Kwai Ling Chan's motion for a

preliminary injunction (Dkt. # 2) and second motion for a preliminary injunction and

18

temporary restraining order (Dkt. # 7).  The court has reviewed the motions and the

19

remainder of the record and DENIES both motions.  In addition, the court has reviewed

20

the amended complaint and finds that it fails to state a claim pursuant to Federal Rules of

21

22

Civil Procedure 8 and 12(b)(6).  Accordingly, the court DISMISSES Plaintiff's Amended

Complaint without prejudice and with leave to amend.

## II.    BACKGROUND

On February 16, 2012, Plaintiff filed a complaint (Dkt. # 1) and a motion for a

preliminary injunction (Dkt. # 2).  The complaint alleges that Defendants Chase Home

Loans, Inc. ("Chase") and Recontrust Company, N.A. ("Recontrust") are foreclosing on

the Plaintiff's property located at 13355 Prospector Ridge Road, SE, Monroe,

Washington ("the property").  (*See* Compl. (Dkt. # 1) at 1.)  The complaint also alleges

that Plaintiff signed a note for a home loan with Chase on August 30, 2005, which was

secured by the property.  (*Id.* ¶ 4.)  The complaint further alleges that the note recited that

the Mortgage Electronic Recording System ("MERS") was a beneficiary of the note.

(*Id.*)  The complaint alleges that three notices of sale were recorded with respect to the

property on October 4, 2010, February 16, 2011, and May 23, 2011, and that the property

was fraudulently sold and purchased by the Federal National Mortgage Association.  (*Id.*

¶¶ 10-12.)  The complaint specifically alleges causes of action for quiet title and wrongful

foreclosure.  (*Id.* ¶¶ 15-22.)

On February 23, 2012, the court issued an order dismissing the complaint based on

lack of subject matter jurisdiction, but with leave to amend.  (Order (Dkt. # 5).)  The

complaint alleges Plaintiff is a citizen of Washington and Recontrust is a Washington

corporation and did not allege a federal cause of action.  (*Id.* ¶¶ 1-3.)  Accordingly, the

court found that it lacked subject matter jurisdiction because neither diversity jurisdiction

nor federal question jurisdiction appeared on the face of the complaint. (*See* Order at 2-3.)

On March 6, 2012, Plaintiff filed an amended complaint which read Recontrust out of the complaint and alleged federal claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (*See* Am. Compl. (Dkt. # 6) ¶¶ 56-68.) The amended complaint also altered the underlying factual allegations. Contrary to the allegations in the initial complaint, the amended complaint alleges that Plaintiff entered into a loan repayment and security agreement with respect to the property in 2007. (*Id.* ¶ 3.) The amended complaint alleges that this refinance loan required Plaintiff to repay the first mortgage on the property. (*See id.*) The amended complaint also alleges variously that the property is located in Monroe, Washington (*id.* ¶ 2), and that it is located in Clark County, Nevada (*id.* ¶ 12). Contrary to the original complaint, the amended complaint alleges that the property has not already been sold, but rather that Defendants "have scheduled or will schedule a non-judicial sale." (*Id.* ¶ 46.) Not only are the few specific factual allegations contained within the amended complaint contradictory, but the remainder of the amended complaint is replete with legal conclusions. Indeed, it appears that Plaintiff has largely cribbed his amended complaint from other complaints filed elsewhere around the country involving foreclosures. *See, e.g.*, *Vertido v. GMAC Mortg. Corp., et al.*, No. CV11 00360 DAE KSC (D. Haw. (filed June 6, 2011) [Dkt. # 1]) (Plaintiff's allegations and causes of action are largely identical to those in the present

amended complaint except for the names of the parties and the dates and amount of the loan at issue).

On April 5, 2012, Plaintiff filed a second motion for preliminary injunction and also included a request for a temporary restraining order. (Sec. Mot. (Dkt. # 7).) The motion states that Plaintiff was served with a Notice of Trustee's Sale scheduling the foreclosure sale for March 27, 2012 at 10:00 a.m. (*Id.* at 5.) Assuming this statement is correct, the sale of Plaintiff's property would have occurred prior to the filing of their second motion for preliminary injunction and temporary restraining order. However, attached to Plaintiff's motion is the first page of a Notice of Trustee's Sale that states that a public auction with respect to the property is not scheduled until May 11, 2012, a little less than one month following the date of this order. (*Id.* at 10.) Although Plaintiff filed only the first page of this document (*see id.*), the court takes judicial notice of the entire document which was recorded as an official public record in the Snohomish County Auditor's Office on February 7, 2012 under instrument number 201202070369.[1] The Notice of Trustee's Sale indicates that as of February 2, 2012, Plaintiff was in default of the deed of trust in an amount of $16,635.47. In this order, the court not only considers

---

[1] Although "as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a [Federal] Rule [of Civil Procedure] 12 motion . . . it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted). Further, under Federal Rule of Evidence 201(c)(1), the court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1). If Plaintiff objects to the court's notice of the remainder of the Notice of Trustee's Sale that was not attached to Plaintiff's motion, then, on request, the court will hear Plaintiff's objection. *See* Fed. R. Evid. 201(e).

Plaintiff's two pending motions for preliminary injunction and a temporary restraining order, but also analyzes the adequacy of Plaintiff's amended complaint.

## III.   ANALYSIS

### A.  Standards for Preliminary Injunction or Temporary Restraining Order

In order to obtain a temporary restraining order or a preliminary injunction, Plaintiff must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in Plaintiff's favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  In addition, the Ninth Circuit Court of Appeals has stated that the "serious questions" version of the Ninth Circuit's sliding scale test survives the Supreme Court's decision in *Winter* when it is applied as part of the four element *Winter* test.  Thus, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  As discussed below, Plaintiff's amended complaint cannot survive under Federal Rule of Civil Procedure 8 and 12(b)(6), and therefore, the court cannot conclude that Plaintiff has met the requirement of either demonstrating that he is likely to succeed on the merits or that he has raised serious questions going to the merits.  Accordingly, the court denies Plaintiffs' motions for preliminary injunction and temporary restraining order.

## B. Standards for Sua Sponte Dismissal

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The tenet – that this court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).[2]

Further, "[a] trial court may dismiss a claim *sua sponte* under Rule 12(b)(6)."  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  "Such dismissal may be made without notice where the claimant cannot possibly win relief."  *Id.*; *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond where "the plaintiff cannot possibly win relief") (alteration, citation and internal quotations omitted).  The court may enter *sua sponte* dismissal before process is served

---

[2] The court liberally construes *pro se* pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

on the defendants. *See Rendon v. Countrywide Home Loans, Inc.*, No. CV F 09-1584

LJO DLB, 2009 WL 3126400, at *1 (E.D. Cal. Sept. 24, 2009) (citing *Neitzke v.*

*Williams*, 490 U.S. 319, 324 (1989)).

**C. Plaintiff's Claims**

In this case, the court assumes that Plaintiff's property is subject to a nonjudicial

foreclosure action pursuant to state law and that Plaintiff is seeking federal relief from

that action. As discussed below, Plaintiff's causes of action are conclusory legalese

under which Plaintiff cannot win federal relief from a state nonjudicial foreclosure

proceeding.

**1. Counts I, II and VI: Declaratory Relief, Injunctive Relief, and
Rescission**

The court dismisses Plaintiff's counts for declaratory and injunctive relief (*see*

Am. Compl. ¶¶ 40-48) and for rescission (*see id.* ¶¶ 69-73) because they are remedies and

not causes of action. It is well settled that a claim for "injunctive relief" standing alone is

not a cause of action. *See, e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d

1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a

cause of action"); *Henke v. ARCO Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059–60 (E.D.

Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of

action."); *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn.

2008) (no independent cause of action for injunction exists). Injunctive relief may be

available if Plaintiff is entitled to such a remedy on an independent cause of action.

Similarly, "[r]escission is only a remedy, not . . . a separate cause of action." J. Levin & K. Simmons, 12A C.J.S. Cancellation of Instruments; Rescission § 1 (March 2012); *Hornback v. Wentworth*, 132 P.3d 778, 782 (Wash. Ct. App. 2006) ("Rescission is an equitable remedy . . . ."); *Green v. Wachovia Mortg. FSB*, No. CV–11–3047–RMP, 2012 WL 993586, at *8 (E.D. Wash. Mar. 22, 2012) ("Th[e] request for rescission is a request for remedies that may or may not be available under the causes of action pursued by Plaintiff."). Here, Plaintiffs expressly acknowledge in Count VI that they are seeking rescission for "1) T11lA [sic] violations, 2) RESPA, 3) Fraudulent Concealment, 4) Deceptive Acts and Practices (UDAP), and 5) Public Policy Grounds, each of which provides independent grounds for relief." (Am. Compl.¶ 70.)

As for declaratory relief, Plaintiff appears to seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.[3] Count I alleges that "[a]n actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contend [sic] that Defendants did not have the right to foreclose on the Subject Property[.]" (Am. Compl.¶ 41.) Plaintiffs ask the Court to declare that "the purported power of sale contained in the Loan [is] of no force and effect at this time" because of "numerous violations of State and Federal laws designed to

---

[3] The Declaratory Judgment Act provides in pertinent part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

protect borrowers. . . ." (*Id.* ¶ 42.)  Plaintiff further states that "[a]s a result of Defendants' actions, Plaintiff has suffered damages . . . and seeks declaratory relief that Defendants' purported power of sale is void[.]" ( *Id.* ¶ 43.)

In light of these allegations, declaratory relief is not a cognizable independent cause of action.  *See Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so.") (citation and quotations omitted).  Because Plaintiff's claims for declaratory relief are based on allegations of Defendants' past actions, a claim for declaratory relief is improper and in essence is duplicative of Plaintiff's other causes of action.  *See Vertido v. GMAC Mortg. Corp.*, No. 11-00360 DAE-KSC, 2012 WL 139212, at *5 (D. Haw. Jan. 17, 2012); *Marzan v. Bank of Am.*, 779 F. Supp. 2d 1140, 1146 (D. Haw. 2011); *Ballard v. Chase Bank USA, NA*, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief "rises or falls with [the] other claims.") (citation omitted); *Mangindin v. Washington Mut. Bank*. 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).

Accordingly, the Court dismisses Counts I, II and VI without leave to amend.  If Plaintiffs eventually prevail on an independent claim, the court will necessarily render a judgment setting forth as such and providing appropriate remedies.  *See Marzan*, 779 F. Supp. 2d at 1147.  Similarly, if injunctive relief is proper, it will be because Plaintiff

prevails, or has met the necessary test for such relief under Federal Rule of Civil

Procedure 65 on an independent cause of action.  *Id.*

### 2.  Count III:  Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

"There is in every contract an implied duty of good faith and fair dealing.  This

duty obligates the parties to cooperate with each other so that each may obtain the full

benefit of performance."  *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash.

1991).  However, the duty does not "inject substantive terms into the parties' contract,"

nor does it "extend to obligate a party to accept a material change in the terms of its

contract."  *Id.* (internal quotation marks omitted).  Rather, the duty "requires only that the

parties perform in good faith the obligations imposed by their agreement."  *Id.*

Accordingly, the duty is not "free-floating," but  "exists only in relation to performance

of a specific contract term."  *Id.*

Plaintiff contends that Defendants breached their implied covenant of good faith

by withholding certain disclosures and notices, and by "[w]illfully plac[ing] Plaintiffs

[sic] in a loan that he did not qualify for, [and] could not afford . . . ."  (Am. Compl. ¶

53.)  The court concludes that Plaintiff's claim should be dismissed "based on

[Plaintiff's] failure to show which terms of the contract give rise to [the] claim for breach

of the duty of good faith and fair dealing."  *Chapel v. BAC Home Loans Serv., LP*, No.

C11-5882BHS, 2012 WL 727135, at *4 (W.D. Wash. Mar. 6, 2012); *see also Schanne v.*

*Nationstar Mortg., LLC*, No. C10-5753BHS, 2011 WL 5119262, at *4 (W.D. Wash. Oct.

27, 2011) (". . . Plaintiffs have failed to establish that [defendant] has breached any

provision of the contract between the parties in foreclosing on the defaulted loan.

Therefore, the Court grants [defendant's] motion on Plaintiffs' claim for breach of good

faith and fair dealing because Plaintiffs have failed to state a cognizable legal theory.");

*Gossen v. JPMorgan Chase Bank*, No. C11-05506 RJB, 2011 WL 4939828, at *7 (W.D.

Wash. Oct. 18, 2011) (dismissing claim for breach of duty of good faith and fair dealing

because plaintiffs "fail[ed] to identify any contract provision that [the bank] or [the

trustee] failed to perform").

### 3. Count IV: Violation of TILA, 15 U.S.C. § 1601

Section 1635(a) of Title 15, TILA's so-called "buyer's remorse" provision, gives

borrowers three business days to rescind a loan agreement without penalty. *Semar v.*

*Platte Valley Fed. Sav. & Loan Ass'n*. 791 F.2d 699, 701 (9th Cir. 1986) (citing 15

U.S.C. § 1635(a)). If the lender fails to deliver certain forms or disclose important terms

accurately, section 1635(f) gives the borrower the right to rescind until "three years after

the date of consummation of the transaction or upon the sale of the property, whichever

occurs first." 15 U.S.C. § 1635(f); *see also King v. California*, 784 F.2d 910, 913 (9th

Cir. 1986). A borrower's right to rescind extends for three years if a lender fails to

disclose the right to rescind or fails to make any other "material disclosure." 12 C.F.R. §

226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures include the

annual percentage rate, the finance charge, the amount financed, the total of payments,

and the payment schedule).

Here, Plaintiff's rescission claim is time-barred.[4]  Based on Plaintiff's pleadings, it is not entirely clear when the loan and deed of trust were executed.  Nevertheless, Plaintiff has submitted pleadings or other documents which variously allege that the loan and deed of trust were consummated in 2002,[5] 2005,[6] or 2007.[7]  *See Jackson v. Grant*, 890 F.2d 118, 121 (9th Cir.1989) (holding that for TILA purposes, "the transaction is consummated when the lender and borrower sign a contract obligating them, respectively, to lend and to borrow the funds") (emphasis added).  Even construing these allegations most favorably to Plaintiff by assuming the latest of these dates is the correct date of consummation, Plaintiff's TILA rescission claim would be barred by the statute of limitations.  Plaintiffs did not commence this action until February 16, 2012, more than four years after the latest date that Plaintiff has alleged the loan transaction was consummated.

Further, equitable tolling does not apply to claims for rescission under TILA. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *Beach* and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter

---

[4] "A court may dismiss a case sua sponte on statute of limitations grounds before a defendant has filed a responsive pleading."  *Anderson v. Craven*, No. CV-07-246-S-BLW, 2007 WL 2187101, at *1 (D. Idaho July 27, 2007) (citing *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993)).

[5] (*See* Mot at 10 (attaching first page of Notice of Trustee's Sale which references "Deed of Trust dated 11/18/02").)

[6] (*See* Compl. ¶¶ 4-5.)

[7] (*See* Am. Compl. ¶ 3.)

1  jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); *see*

2  *also King*, 784 F.2d at 913 (characterizing § 1635(f) as a "three-year absolute limitation"

3  on § 1635 rescission actions).  Accordingly, the court dismisses Plaintiff's claim for

4  rescission based on TILA.

5      Plaintiff has also asserted a claim for damages under TILA.  (*See* Am. Compl. ¶

6  62.)  Any claim for damages under TILA must be brought "within one year from the date

7  of the occurrence of the violation."  15 U.S.C. § 1640(e).  The limitations period

8  generally runs from the date of consummation of the transaction.  *King*, 784 F.2d at 915.

9  Equitable tolling may suspend the limitations period "until the borrower discovers or had

10  reasonable opportunity to discover the fraud or nondisclosures that form the basis of the

11  TILA action."  *Id.*  However, when a plaintiff fails to allege facts demonstrating that he

12  could not have discovered the purported TILA violation with reasonable diligence,

13  dismissal is appropriate and equitable tolling will not apply.  *See Meyer v. Ameriquest*

14  *Mortg. Co*., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for

15  failure to make required disclosures under TILA when the plaintiff was in full possession

16  of all loan documents and did not allege fraudulent concealment or any other action that

17  would have prevented discovery of the violation); *Hubbard v. Fidelity Fed. Bank*, 91

18  F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling

19  of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan

20  contract, Fidelity's initial disclosures, and TILA's statutory and regulatory

21  requirements").  Further, where the basis of equitable tolling is fraudulent concealment, it

22

must be pled with particularity under Federal Rule of Civil Procedure 9(b). *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

As described above, the latest date upon which Plaintiff alleges that the loan transaction was consummated was in 2007 (*see* Am. Compl. ¶ 3), more than four years before initiating the present suit. Therefore, unless equitable tolling applies, Plaintiff's claim for TILA damages is time-barred. Plaintiff alleges that "[a]ny and all statute[s] of limitation relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices." (Am. Compl. ¶ 60.)[8] First, this allegation is a mere legal conclusion and does not satisfy the particularity requirement of Rule 9(b). Further, the allegation does not satisfy equitable tolling because it merely alleges the TILA violation itself. *See, e.g.*, *Marzan*, 779 F. Supp. 2d at 1149; *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . and the statutes of

---

[8] Plaintiff also alleges that "[a]ll statue of limitations relating to all causes of action set forth herein are tolled due to the hidden nature of the violations." (Am. Compl. at 1.) Like the statement above, this statement does not allege facts but rather constitutes a legal conclusion. It does not satisfy either the particularity requirement of Federal Rule of Civil Procedure 9(b), or the more relaxed, general pleading requirements of Rule 8(a).

limitations would be meaningless.").  Plaintiff's pleadings lack any factual allegation that

Defendants prevented Plaintiff from discovering the alleged TILA violation or caused

Plaintiff to ignore the filing deadline.  Accordingly, the court dismisses Plaintiff's TILA

damages claim as well.

### 4.   Count V:  Violation of RESPA

Count V alleges that Defendants "gave, provided or received a hidden fee or thing

of value for the referral of settlement business, including but not limited to, kickbacks,

hidden referral fees, and/or loan origination fees and YSP [yield spread premiums]."

(Am. Compl.¶ 67(b).)  Plaintiffs also allege that defendants "charged fees in excess of the

reasonable value of goods provided and/or services." ( *Id.* ¶ 67(d).)  Plaintiffs are

apparently claiming a violation of RESPA under 12 U.S.C. § 2607, which prohibits

kickbacks and unearned fees.

To the extent Count V claims that Defendants received excessive fees, that claim

under RESPA fails as a matter of law because § 2607 does not prohibit excessive fees,

provided the fees were in exchange for real estate settlement services that were actually

performed by the recipient.  *See Martinez v. Wells Fargo Hom Mortg., Inc.*, 598 F.3d

549,  553–54 (9th Cir. 2010) (concluding that, by prohibiting fees "other than for services

actually performed," § 2607, "by negative implication, . . . cannot be read to prohibit

charging fees, excessive or otherwise, when those fees are for services that were actually

performed").

Plaintiff's RESPA claim is also time-barred.  RESPA imposes either a one-year or

a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614

1  (proscribing a one-year statute of limitations for violations of §§ 2607 and 2608 and a

2  three-year statute of limitations for violations of § 2605). "Equitable tolling may be

3  applied if, despite all due diligence, a plaintiff is unable to obtain vital information

4  bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178

5  (9th Cir. 2000); *see also O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006)

6  ("Equitable tolling is generally applied in situations 'where the claimant has actively

7  pursued his judicial remedies by filing a defective pleading during the statutory period, or

8  where the complainant has been induced or tricked by his adversary's misconduct into

9  allowing the filing deadline to pass.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498

10  U.S. 89, 96 (1990)). Here, Plaintiff's RESPA claim appears to arise from the loan

11  origination, which occurred more than four years before Plaintiff initiated this lawsuit.

12  Plaintiff's RESPA claim is therefore time-barred unless equitable tolling applies.

13  Plaintiff, however, has not specifically alleged that equitable tolling applies to her

14  RESPA claim. Rather, she asserts generally that "[a]ll statute of limitations relating to all

15  causes of actions set forth herein are tolled due to the hidden nature of the violations."

16  (Am. Compl. at 1.) This is not a proper factual allegation, but rather a mere legal

17  conclusion. The court is not required to credit legal conclusions when considering the

18  adequacy of a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Iqbal*, 556

19  U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Accordingly, because Plaintiff does not

20  allege specific facts demonstrating that they could not have discovered the alleged

21  RESPA violation with due diligence, the court dismisses Plaintiff's RESPA claim.

22

### 5. Count VII: Unfair and Deceptive Business Act Practices (UDAP)

Although Plaintiff does not specifically cite to Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86, Count VII appears to be a claim for unfair business practices in violation of the CPA. *See, e.g.*, *Lawson v. Ocwen Loan Serv., LLC*, No. C10-5481BHS, 2011 WL 564376, at *5 (W.D. Wash. Feb. 8, 2011), *vacated in part on other grounds*, 2011 WL 1739997 (W.D. Wash. May 5, 2011) (interpreting allegation of unfair and deceptive business practices as allegation that Defendants violated the CPA). Plaintiff's claim stems from Defendants' alleged acts surrounding the loan origination. For example, Plaintiff alleges that "Defendants failed to undergo a diligent underwriting process for this loan," "failed to properly adjust and disclose facts and circumstances relating to Plaintiff's mortgage loan," and "placed Plaintiffs [sic] in a loan . . . he should have never been approved for because he could not afford it." (Am. Compl. ¶ 75.) Plaintiff also alleges that "Defendant's [sic] intentionally . . . rushed the closing to procure the loan without Plaintiff's potential rescission." (*Id.* ¶ 78.) A four-year statute of limitations applies to Plaintiff's CPA claim. *See* RCW 19.86.120 (establishing that "[a]ny action to enforce a claim for damages under [the CPA] shall be forever barred unless commenced within four years after the cause of action accrues"). The latest date Plaintiff alleges for consummation of the loan agreement was 2007. Plaintiff did not commence this suit until February 16, 2012 – more than five years later. The limitations period has run, and the court dismisses Plaintiff's CPA claim in Count VII.

### 6. Count VIII: Breach of Fiduciary Duty

Plaintiff alleges that Defendants have a fiduciary duty to Plaintiff and breached that duty by, among other things, failing to advise Plaintiff "when Defendants knew or should have known that Plaintiff would or has a likelihood of defaulting on the loan . . . ." (Am. Compl. ¶¶ 81-82.) "The general rule in Washington is that a lender is not a fiduciary of its borrower." *Miller v. U.S. Bank of Wash.*, 865 P.2d 536, 543 (Wash. 1994). Rather, "a special relationship must develop between a lender and a borrower before a fiduciary duty exists." *Id.* Here, Plaintiff makes no allegation suggesting that their relationship with Defendants is anything other than an ordinary, arms-length, lender-borrower relationship. The conclusory allegation that "Defendants owed a fiduciary duty to Plaintiff" (Am. Compl. ¶ 81), without more, is insufficient to establish the existence of a fiduciary duty. *See Vertido v. GMAC Mortg. Corp.*, No. 11-00360 DAE-KSC, 2012 WL 139212, at *11 (D. Haw. Jan. 17, 2012). Therefore, the court dismisses Count VII of the amended complaint.

### 7. Count IX: Unconscionability

Plaintiff alleges that "based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were required to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiffs [sic], the court may find that the loan agreement and trust deed are unconscionable and of no force or effect." (Compl.¶ 94.) "Unconscionability" is generally a defense to the enforcement of a contract, and is not an independent claim. *See Denton v. Dep't Stores Nat'l Bank*, No. C10-5830RBL, 2011 WL

32988890, at *5 n.3 (W.D. Wash. Aug. 1, 2011) ("The unconscionability claim is subject

to dismissal for a second reason:  unconscionability is a defense to a contract, not an

independent claim."); *see also Tribble v. Allstate Property & Cas. Ins. Co.*, 139 P.3d 373,

376 (Wash. Ct. App. 2006) ("As a matter of law, contract defenses are defenses to a valid

contract and generally include fraud, duress, and unconscionability.")  Accordingly, the

court dismisses Plaintiff's claim for unconscionability.

### 8.   Count X: Predatory Lending

Count X is entitled "Predatory Lending," but asserts a number of allegations –

including the charging of excessive fees, the failure to make certain disclosures, improper

underwriting, and marketing the loan on the basis of fraud – that form the basis of other

independent claims.  Many courts have held that there is no common law claim for

"predatory lending." *See Haidar v. BAC Home Loans Servicing, LP*, No. 09-14047, 2010

WL 3259844, at *2 (E.D. Mich. Aug. 18, 2010) (agreeing that "there is no cause of action

for predatory lending"); *Pham v. Bank of Am., N.A.*, No. C10-02613, 2010 WL 3184263,

at *4 (N.D. Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending").

"To the extent such 'predatory' actions provide a claim for relief, they appear to be

grounded in another statutory or common-law cause of action such as fraud – the term

'predatory lending' is otherwise too broad." *Marzan v. Bank of Am.*, 779 F. Supp. 2d

1140, 1155 (D. Haw. 2011) (citing *Vissuet v. Indymac Mortg. Servs.*, No. 09-CV-2321-

IEG (CAB), 2010 WL 1031013, at *3 (S.D. Cal. Mar. 19, 2010) (dismissing claim for

"predatory lending" with leave to amend—agreeing that the term is expansive and fails to

provide proper notice, where Defendants "are left to guess whether this cause of action is

based on an alleged violation of federal law, state law, common law, or some combination")); *see also Hambrick v. Bear Stearns Residential Mortg*., No. 1:07CV258-P-D, 2008 WL 5132047, at *2 (N.D. Miss. Dec. 5, 2008) (dismissing a claim for predatory lending where plaintiffs failed to cite any "[state] or applicable federal law, precedential or statutory, creating a cause of action for 'predatory lending.' The court is unaware of any such cause of action."). The court was unable to uncover any authority for the existence of such a common law cause of action in Washington either. Accordingly, the court dismisses this claim.

### 9. Count XI: Quiet Title

To maintain a quiet title action against a mortgagee, a plaintiff must first pay the outstanding debt on which the subject mortgage is based. *See Thein v. Recontrust Co., N.A.*, No. C11-5939BHS, 2012 WL 527530, at *2 (W.D. Wash. Feb. 16, 2012) (citing *Evans v. BAC Home Loans Servicing LP*, No. C10-0656 RSM, 2010 WL 5138394, at *3 (W.D. Wash. Dec.10, 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust."); *see also Treece v. Fieldston Mortg. Co.*, No. 11–5981 RJB, 2012 WL 123042, at *6 (W.D. Wash. Jan. 17, 2012) ("[A] quiet title claim against a mortgagee requires that a mortgagor is the rightful owner of the property, that is, that the mortgagor has paid an outstanding debt secured by the mortgage.").

In this case, Plaintiff fails to allege that he has paid the amount owed on the loan or is able to pay the amount owed on the loan. (*See generally* Am. Compl.) Further, the Notice of Trustee's Sale (the first page of which Plaintiff attaches to his Amended

1    Complaint and the remainder of which the court takes judicial notice) shows outstanding

2    debt on the loan.  Accordingly, Plaintiff fails to state a cognizable legal theory for such an

3    extraordinary remedy.  Therefore, the court dismisses Plaintiff's claim for quiet title.

**10.  Count XII: Mortgage Electronic Registration System ("MERS")**

5        Plaintiff alleges that "MERS has no legal standing to foreclose," that "[a]n

6    assignment of a mortgage in the absences of the assignment and physical delivery of the

7    note will result in a NULLITY," that "the lender or other holder of the note registers the

8    loan on MERS," and that "[t]he existence of MERS indicated [sic] numerous violations

9    for the Unfair and Deceptive Acts and Practices due to the conflicting nature of the

10   identity of the servicer and the beneficiary."  (Am. Compl. ¶¶ 117, 121-123.)  It is unclear

11   based on the allegations contained within Plaintiff's amended complaint precisely what

12   claim Plaintiff is asserting with respect to MERS.  Plaintiff fails to make any specific

13   allegations concerning the role of MERS, if any, with respect to his particular loan.

14   Nevertheless, liberally construing Plaintiff's allegations, it appears to the court that he is

15   attempting to assert the argument that MERS is not a proper beneficiary because MERS

16   only tracks deeds instead of actually holding the deed and note.  (*See id.* ¶ 121.)

17       This argument has been consistently rejected by this court.  *See, e.g.*, *Vawter v.*

18   *Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1125-26 (W.D. Wash. 2010);

19   *Daddabbo v. Countrywide Home Loans, Inc*., No. C09–1417RAJ, 2010 WL 2102485

20   (W.D. Wash., May 20, 2010); *Moon v. GMAC Mortg. Corp.*, No. C08–969TSZ, 2008

21   WL 4741492 (W.D. Wash. Oct. 24, 2008).  Plaintiff has failed to allege facts or advance

22   an argument that distinguishes his case from these recent decisions.  *See Fay v. Mortg.*

*Elecs. Registration Sys.*, No. C11-5458BHS, 2012 WL 993437, at *6 (W.D. Wash. Mar. 22, 2012).  Accordingly, the court dismisses Plaintiff's claim with respect to MERS.

### 11.  Leave to Amend

The court recognizes that it may be possible for Plaintiff to cure the defects of the dismissed Amended Complaint if provided the opportunity to amend.  Accordingly, the complaint is dismissed as against all defendants, but with leave to amend.  The court directs Plaintiff to file a second amended complaint within twenty days of the date of this order.  Failure to do so within the time limit set by the court will result in dismissal of this action with prejudice.  Plaintiff is advised that the second amended complaint must plainly and clearly state how each named defendant has injured him, and it must allege facts specific to Plaintiff's claims as opposed to mere legal conclusions.

### IV.    CONCLUSION

Based on the foregoing analysis, the court *sua sponte* DISMISSES Plaintiff's complaint with leave to amend.  Because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, Plaintiff has failed to establish a likelihood of success on the merits or serious questions going to the merits of his claims.  Accordingly,

the court also DENIES Plaintiff's motions for preliminary injunction or temporary

restraining order (Dkt. ## 2, 7).

    Dated this 13th day of April, 2012.


_____

JAMES L. ROBART
United States District Judge