UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KWAI LING CHAN,<br><br>               Plaintiff,<br><br>      v.<br><br>CHASE HOME LOANS, INC., et al.<br><br>              Defendants. | CASE NO. C12-0273JLR<br><br>ORDER DENYING RENEWED MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER AND DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.    INTRODUCTION**

This matter is before the court on *pro se* Plaintiff Kwai Ling Chan's third motion for a preliminary injunction and temporary restraining order. (3rd Mot. (Dkt. # 10).) The court has reviewed the motion and the remainder of the record and DENIES the motion. In addition, the court has reviewed the second amended complaint and finds that it fails to state a claim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). Accordingly, the court DISMISSES Plaintiff's Second Amended Complaint. The court has previously

granted Plaintiff opportunities to amend its complaint in order to state a claim. (*See* 2/23/12 Order (Dkt. # 5); 4/13/12 Order (Dkt. # 8).) Plaintiff has failed to do so. The court, therefore, finds that granting Plaintiff further opportunities to amend the complaint would be futile. Accordingly, the court DISMISSES Plaintiff's Second Amended Complaint (Dkt. # 9) without leave to amend.

## II. BACKGROUND

On February 16, 2012, Plaintiff filed a complaint (Dkt. # 1) and a motion for a preliminary injunction (Dkt. # 2). The complaint alleges that Defendants Chase Home Loans, Inc. ("Chase") and Recontrust Company, N.A. ("Recontrust") are foreclosing on the Plaintiff's property located at 13355 Prospector Ridge Road, SE, Monroe, Washington ("the property"). (*See* Compl. (Dkt. # 1) at 1.) The complaint also alleges that Plaintiff signed a note for a home loan with Chase on August 30, 2005, which was secured by the property. (*Id.* ¶ 4.) The complaint further alleges that the note recited that the Mortgage Electronic Recording System ("MERS") was a beneficiary of the note. (*Id.*) The complaint alleges that three notices of sale were recorded with respect to the property on October 4, 2010, February 16, 2011, and May 23, 2011, and that the property was fraudulently sold and purchased by the Federal National Mortgage Association. (*Id.* ¶¶ 10-12.) The complaint specifically alleges causes of action for quiet title and wrongful foreclosure. (*Id.* ¶¶ 15-22.)

On February 23, 2012, the court issued an order dismissing the complaint based on lack of subject matter jurisdiction, but with leave to amend. (Order (Dkt. # 5).) The complaint alleges Plaintiff is a citizen of Washington and Recontrust is a Washington

corporation and did not allege a federal cause of action. (*Id.* ¶¶ 1-3.) Accordingly, the court found that it lacked subject matter jurisdiction because neither diversity jurisdiction nor federal question jurisdiction appeared on the face of the complaint. (*See* Order at 2-3.)

On March 6, 2012, Plaintiff filed an amended complaint which read Recontrust out of the complaint and alleged federal claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (*See* Am. Compl. (Dkt. # 6) ¶¶ 56-68.) The amended complaint also altered the underlying factual allegations. Contrary to the allegations in the initial complaint, the amended complaint alleges that Plaintiff entered into a loan repayment and security agreement with respect to the property in 2007. (*Id.* ¶ 3.) The amended complaint alleges that this refinanced loan required Plaintiff to repay the first mortgage on the property. (*See id.*) The amended complaint also alleges variously that the property is located in Monroe, Washington (*id.* ¶ 2), and that it is located in Clark County, Nevada (*id.* ¶ 12). Contrary to the original complaint, the amended complaint alleges that the property has not already been sold, but rather that Defendants "have scheduled or will schedule a non-judicial sale." (*Id.* ¶ 46.)

On April 5, 2012, Plaintiff filed a second motion for preliminary injunction and also included a request for a temporary restraining order. (2nd Mot. (Dkt. # 7).) The motion states that Plaintiff was served with a Notice of Trustee's Sale scheduling the foreclosure sale for March 27, 2012 at 10:00 a.m. (*Id.* at 5.) However, attached to Plaintiff's second motion is the first page of a Notice of Trustee's Sale that states that a

public auction with respect to the property is not scheduled until May 11, 2012. (*Id.* at 10.) Although Plaintiff filed only the first page of this document (*see id.*), the court has taken judicial notice of the entire document which was recorded as an official public record in the Snohomish County Auditor's Office on February 7, 2012 under instrument number 201202070369.[1] The Notice of Trustee's Sale indicates that as of February 2, 2012, Plaintiff was in default of the deed of trust in an amount of $16,635.47.

On April 13, 2012, the court denied Plaintiff's motions for preliminary injunction and temporary restraining order. (Dkt. ## 2, 7.) The court also dismissed all of Plaintiff's claims in the amended complaint under Federal Rules of Civil Procedure 8 and 12, but granted Plaintiff leave to amend. (*See generally* 4/13/02 Ord.) On April 30, 2012, Plaintiff filed a second amended complaint (Dkt. # 9), and renewed the motion for preliminary injunction and temporary restraining order for a third time (Dkt. # 10). Plaintiff asserts in the motion that a foreclosure sale on the property is presently set for May 11, 2012. (3rd Mot. at 2.) The second amended complaint once again asserts that the property is located in Monroe, Washington and omits any reference to Nevada as the property's location. Contrary, however, to allegations in the original or amended complaints, the second amended complaint alleges that the current loan originated in 2002, and that the deed of trust was filed on November 22, 2002. (2nd Am. Compl. (Dkt. # 9) ¶¶ 16-17.) These factual allegations are at variance with the allegations in the original complaint, which placed the date of the transaction on August 30, 2005 (Compl.

---

[1] In its April 13, 2012 Order, the court took judicial notice of the entire document (4/13/12 Ord. (Dkt. # 8) at 4 n.1.), and it does so here again.

ORDER- 4

¶ 4), as well as the allegations in the amended complaint, which placed the date of the transaction in 2007 (Am. Compl. ¶ 3). In any event, like its predecessors, the second amended complaint is replete with legal conclusions, but sparse with respect to specific factual allegations. In this order, the court once again considers not only Plaintiff's pending motion for preliminary injunction and a temporary restraining order, but also analyzes the adequacy of Plaintiff's second amended complaint.

### III. ANALYSIS

#### A. Standards for Preliminary Injunction or Temporary Restraining Order

In order to obtain a temporary restraining order or a preliminary injunction, Plaintiff must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in Plaintiff's favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). In addition, the Ninth Circuit Court of Appeals has stated that the "serious questions" version of the Ninth Circuit's sliding scale test survives the Supreme Court's decision in *Winter* when it is applied as part of the four element *Winter* test. Thus, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). As discussed below, like Plaintiff's amended complaint (*see generally* 4/13/12 Order), Plaintiff's second amended complaint cannot survive under Federal Rule of Civil Procedure 8 and 12(b)(6), and therefore, the court cannot conclude that Plaintiff

has met the requirement of demonstrating that he is likely to succeed on the merits or that he has raised serious questions going to the merits. Accordingly, the court DENIES Plaintiff's third motion for preliminary injunction and temporary restraining order.

**B. Standards for Sua Sponte Dismissal**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The tenet – that this court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 679. A complaint must be pled in such a fashion as to demonstrate the plaintiff's entitlement to relief. This requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Where the claims in a complaint have not crossed the

line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.[2]

Further, Plaintiff has alleged numerous claims grounded in fraud. (*See* 2nd Am. Compl. ¶¶ 47-55, 73-79, 83-96.) Plaintiff's fraud claims are governed by the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that, in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To sufficiently allege the "circumstances constituting fraud," a plaintiff must include the "who, what, when, where, and how" of the misconduct charged. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.2010).

Finally, "[a] trial court may dismiss a claim *sua sponte* under Rule 12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Such dismissal may be made without notice where the claimant cannot possibly win relief." *Id.*; *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond where the plaintiff "cannot possibly win relief") (alteration, citation and internal quotations omitted); *Shoop v. Deutsche Bank Nat. Trust Co.*, No. 10-16440, 2012 WL 32137, at *1 (9th Cir. Jan. 6, 2012) (unpublished) (holding that district court did not err in *sua sponte* dismissing pro se complaint arising out of foreclosure proceedings).

---

[2] The court liberally construes *pro se* pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

C. **Plaintiff's Claims**

In its prior order dismissing the amended complaint with leave to amend, the court instructed Plaintiff that any second amended complaint "must plainly and clearly state how each named defendant has injured [Plaintiff], and it must allege specific facts to Plaintiff's claims as opposed to mere legal conclusions." (Ord. (Dkt. # 8) at 22.) Despite this clear direction, Plaintiff's second amended complaint, like Plaintiff's amended complaint, is filled with conclusory legalese under which Plaintiff cannot win federal relief from a state nonjudicial foreclosure proceeding. In some instances, Plaintiff has simply restated claims that the court previously dismissed without fixing the problems identified by the court. As discussed below, the court once again dismisses each of Plaintiff's claims.

**1. Counts I, II, IV, VI, VII, and VIII - Allegations Based on Fraud**

In counts I (2nd Am. Compl. ¶¶ 47-52) and II (*id.* ¶¶ 53-55), Plaintiff alleges that Defendants "committed fraud in the financing of the Property" (*id.* ¶ 48), and in "misleading Plaintiff into believing that they were working on a loan modification when they fraudulently foreclosed on the Property" (*id.* ¶ 54). In count IV (*id.* ¶¶ 73-79), Plaintiff alleges the non-judicial foreclosure action against the property is fraudulent because "[n]one of the defendants are entitled to enforce the instrument." (*Id.* ¶ 74.) In count VI (*id.* ¶¶ 83-89), Plaintiff alleges "fraudulent assignment" of the note based on the role of Defendant Mortgage Electronic Registration System ("MERS") in the transaction (*id.* ¶ 84), and the existence of "ROBO-SIGNING" procedures (*id.* ¶88). In count VII (*id.* ¶¶ 90-93), Plaintiff alleges "notary fraud" by "signing documents known by the

Defendants to be fraudulent." (*Id.* ¶ 91.)  Finally, in count VIII (*id.* ¶¶ 94-96), Plaintiff alleges that "Defendant purported to file a Notice of Default in with the Snohomish County Recorders Office, which was fraudulent . . . ." (*Id.* ¶ 95.)

First, to the extent that Plaintiff's claims for fraud arise out of the role allegedly played by MERS, the court previously rejected this argument when it dismissed Plaintiff's amended complaint. (*See* 4/13/12 Order at 21-22 (citing *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1125-26 (W.D. Wash. 2010); *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09–1417RAJ, 2010 WL 2102485 (W.D. Wash., May 20, 2010); *Moon v. GMAC Mortg. Corp.*, No. C08–969TSZ, 2008 WL 4741492 (W.D. Wash. Oct. 24, 2008).)  Nothing in Plaintiff's second amended complaint alters the court's prior analysis.

Further, the court has reviewed the allegations in Plaintiff's counts arising out of allegations of fraud and concludes that they do not meet the heightened pleading standards of Federal Rule of Civil Procedure 9.  Specifically, Plaintiff fails to include the "who, what, when, where, and how" of the misconduct charged.  *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).  Plaintiff's allegations do not include any specific information about the identity of who made the fraudulent statements or committed the fraudulent acts at issue, when or where the statements or acts occurred, how the statements were made or the acts were committed with relation to Plaintiff's circumstances, or how Defendants may have known of the falsity of the allegedly fraudulent statements or acts.

Plaintiff also fails to meet the requirements to plead fraud under Washington law. The elements of fraud are well established in Washington. They are:

> (1) A representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) his right to rely on it, [and] (9) his consequent damage.

*Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001). Washington law also requires Plaintiff to plead the circumstances constituting fraud with particularity. *See, e.g.*, *Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032, 1069 (Wash. 1987). "A complaint adequately alleges fraud if it informs the defendant of who did what, and describes the fraudulent conduct and mechanisms." *Id*. In the present case, Plaintiff does not allege the foregoing required elements with the requisite level of particularity. While a broadly worded complaint may be enough, at this stage, to support some causes of action, it is certainly not enough to support claims based on fraud. The court, therefore, DISMISSES Plaintiff's claims (including counts I, II, IV, VI, VII, and VIII) arising out of allegations of fraud.

### 2. Count III – RESPA

Although the court dismissed Plaintiff's claim under RESPA in its April 13, 2011 order (4/13/12 Order at 15-16), Plaintiff has reasserted a claim under RESPA in its second amended complaint. (2nd Am. Compl. ¶¶ 56-72.) In the amended complaint, Plaintiff alleged that Defendants "gave, provided or received a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks,

hidden referral fees, and/or loan origination fees and YSP [yield spread premiums]." (Am. Compl.¶ 67(b).) Plaintiff also alleged that defendants "charged fees in excess of the reasonable value of goods provided and/or services." ( *Id*. ¶ 67(d).) Plaintiff was apparently claiming a violation of RESPA under 12 U.S.C. § 2607, which prohibits kickbacks and unearned fees. Plaintiff reasserts similar allegations in the second amended complaint (*see* 2nd Am. Compl. ¶¶ 56-63). In addition, Plaintiff also asserts a claim under RESPA that Defendants failed to respond to a "qualified written request" for information relating to the servicing of a loan. (*Id.* ¶¶ 64-72.)

Unfortunately, Plaintiff has failed to resolve the grounds upon which the court originally dismissed this claim. As noted in the court's prior order, the statute of limitations under RESPA is either one-year or three-years depending on the violation. (*See* 4/13/12 Order at 15-16 (citing 12 U.S.C. § 2614).) In the latest version of Plaintiff's complaint, Plaintiff alleges that the loan transaction at issue occurred in 2002. (2nd Am. Compl. ¶ 17.) Thus, the portion of Plaintiff's RESPA claim concerning kickbacks and unearned fees that arise out of the loan origination are therefore barred by the statute of limitations.

In addition, Plaintiff's RESPA claim is also subject to dismissal due to insufficient factual allegations. Although Plaintiff's RESPA allegations are governed by the general pleading standards of Federal Rule of Civil Procedure 8 and not the heightened standards of Rule 9, Plaintiff has failed to allege sufficient factual content to meet even the more liberal Rule 8 standard. It is not the length of the allegations that is the test, but rather whether Plaintiff has plead sufficient factual content to allow the court to draw the

reasonable inference that Defendants are liable for the alleged claim. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). Plaintiff does not allege which fees were excessive or predatory, or which fees or finances charges were not correctly disclosed. Plaintiff allegations concerning Defendants' alleged failure to respond to a "qualified written request" is replete with a list of the statutory requirements, but nearly devoid of any underpinning factual allegations. As noted in its prior order, the court is not required to credit mere legal conclusions. (4/13/12 Order at 16 (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555).) Stripped on the legal conclusions, there are insufficient factual allegations to support Plaintiff's RESPA claim. Accordingly, the court DISMISSES this claim.

### 3. Count V – Fair Debt Collection Practices Act

Plaintiff's sole allegation specifically in support of his claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, is that "Defendants [sic] filing of a Notice of Default and Election to Sell Under [sic] the Deed of Trust without duly assigned authorization to do so put them in direct violation of the Fair Debt Collection Act [sic]." (2nd Am. Compl. ¶ 81.) The second amended complaint alleges no facts showing Defendants to be debt collectors within the meaning of the FDCPA.

"The FDCPA, by and large, regulates debt collectors." *Hedman v. Aurora Loan Servs.*, No. 2:10-cv-01229-MCE-KJN, 2010 WL 3784170, at *2 (E.D. Cal. Sept. 27, 2010). "The term 'debt collector' means any person who uses any instrumentality . . . or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect . . . debts owed or due . . . another." 15 U.S.C. §

reasonable inference that Defendants are liable for the alleged claim. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). Plaintiff does not allege which fees were excessive or predatory, or which fees or finances charges were not correctly disclosed. Plaintiff allegations concerning Defendants' alleged failure to respond to a "qualified written request" is replete with a list of the statutory requirements, but nearly devoid of any underpinning factual allegations. As noted in its prior order, the court is not required to credit mere legal conclusions. (4/13/12 Order at 16 (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555).) Stripped on the legal conclusions, there are insufficient factual allegations to support Plaintiff's RESPA claim. Accordingly, the court DISMISSES this claim.

### 3. Count V – Fair Debt Collection Practices Act

Plaintiff's sole allegation specifically in support of his claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, is that "Defendants [sic] filing of a Notice of Default and Election to Sell Under [sic] the Deed of Trust without duly assigned authorization to do so put them in direct violation of the Fair Debt Collection Act [sic]." (2nd Am. Compl. ¶ 81.) The second amended complaint alleges no facts showing Defendants to be debt collectors within the meaning of the FDCPA.

"The FDCPA, by and large, regulates debt collectors." *Hedman v. Aurora Loan Servs.*, No. 2:10-cv-01229-MCE-KJN, 2010 WL 3784170, at *2 (E.D. Cal. Sept. 27, 2010). "The term 'debt collector' means any person who uses any instrumentality . . . or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect . . . debts owed or due . . . another." 15 U.S.C. §

1692a(6). It is well established that "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Duran v. Aurora Loan Servs.*, No. 1:09cv0138 OWW DLB, 2009 WL 1110643, at *2 (E.D. Cal. Apr. 24, 2009); *see Miller v. Wells Fargo Home Mortg.*, No. CIV S-10-0284 GEB DAD PS, 2010 WL 3431802, at *7 (E.D. Cal. Aug. 31, 2010); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1184, 1182 (D. Ariz. 2009). Because the complaint, even when liberally construed, alleges no facts showing Defendants to be debt collectors within the meaning of the FDCPA, the court DISMISSES Plaintiff's FDCPA claim. *See Salazar v. Lehman Bros. Bank*, No. CV-10-0099-PHX-DGC, 2010 WL 3998047, at *4 (D. Ariz., Oct. 12, 2010) (dismissing FDCPA claim in the foreclosure context); *Duran*, 2009 WL 1110643, at *2 (dismissing FDCPA claim asserted against defendant because its foreclosure activities "did not fall within the terms of [the] FDCPA").

**4. Count IX – Quiet Title**

Once again, Plaintiff asserts a claim for quiet title. (2nd Am. Compl. ¶¶ 97-98.) As explained in the court's prior order, to maintain an action for quiet title, Plaintiff must first pay the outstanding debt on which the subject mortgage or deed of trust is based. (4/13/12 Order at 20 (citing *Thein v. Recontrust Co., N.A.*, No. C11-5939BHS, 2012 WL 527530, at *2 (W.D. Wash. Feb. 16, 2012) (citing *Evans v. BAC Home Loans Servicing LP*, No. C10-0656 RSM, 2010 WL 5138394, at *3 (W.D. Wash. Dec.10, 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust.")); *Treece v. Fieldston Mortg. Co.*, No. 11–5981 RJB, 2012 WL 123042, at *6 (W.D. Wash. Jan. 17,

2012) ("[A] quiet title claim against a mortgagee requires that a mortgagor is the rightful owner of the property, that is, that the mortgagor has paid an outstanding debt secured by the mortgage.").) In the second amended complaint, Plaintiff does not disclaim his default, allege that he has cured his default, or allege that he is able to pay the amount owed on the loan. The court concludes that the allegations underpinning Plaintiff's claim for quiet title in his second amended complaint are as defective as they were in his amended complaint, and therefore DISMISSES this claim once again.

### 5. Count X – Injunctive Relief

Plaintiff has again asserted a claim for injunctive relief. (2nd Am. Compl. ¶¶ 99-101.) In its original order of dismissal, the court dismissed Plaintiff's count for injunctive relief because "a claim for 'injunctive relief' standing alone is not a cause of action." (4/13/12 Order at 7 (citing *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. ARCO Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059–60 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (no independent cause of action for injunction exists).) Further, the court dismissed this cause of action without leave to amend. (*Id.* at 9.) Accordingly, the court DISMISSES this claim in Plaintiff's second amended complaint, as well.

### 6. Count XI – Breach of the Implied Covenant of Good Faith and Fair Dealing

As the court explained in its first order of dismissal, the duty of good faith and fair dealing is not "free-floating," but "exists only in relation to performance of a specific contract term." (4/13/12 Order at 10 (citing *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991).) The court dismissed this claim in Plaintiff's amended complaint because Plaintiff failed to show which terms of the contract give rise to the claim for breach of the duty of good faith and fair dealing. (*Id.*) Plaintiff has re-alleged a claim for breach of the implied covenant of good faith and fair dealing in its second amended complaint (2nd Am. Compl. ¶¶ 102-105), but has failed to address the problem that was the basis for the court's first dismissal. Indeed, Plaintiff has now alleged that "Defendants breached all [contractual] agreements with Plaintiff's [sic] by failing to observe the covenant of good faith and fair dealing thereunder . . . ." (2nd Am. Compl. ¶ 104.) This allegation is nothing more than a tautology. Further, nowhere in the second amended complaint does Plaintiff identify the contractual provisions in the loan, deed of trust, or other contract that Defendants have allegedly failed to perform. Accordingly, the court once again DISMISSES this count for failure to state a plausible claim.

### D. Leave to Amend

The court recognizes that leave to amend a defective complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff, however, has already had two prior opportunities to amend his complaint – once to cure jurisdictional deficiencies (*see* 2/23/12 Order), and once more to cure pleading deficiencies (*see*

4/13/12 Order). In his second amended complaint, Plaintiff either failed to cure the deficiencies identified in the court's prior April 13, 2012 order, or asserted new, but equally defective, claims. (*See generally* 2nd Am. Compl.; *see supra* § III.C.)

Before filing his second amended complaint, Plaintiff was advised of Federal Rule of Civil Procedure 8's pleading requirements as recently interpreted by the Supreme Court in *Twombly*, 550 U.S. at 555-56, and *Iqbal*, 556 U.S. at 678. (*See* 4/13/12 Order at 6; *see also id.* at 22 ("Plaintiff is advised that the second amended complaint must plainly and clearly state how each named defendant has injured him, and it must allege facts specific to Plaintiff's claims as opposed to mere legal conclusions.").) Plaintiff has not shown, and it does not otherwise appear to the court, that the deficiencies in the second amended complaint can be cured through additional amendment. The court therefore DENIES leave to amend the second amended complaint. *See Salazar v. Lehman Bros. Bank*, No. CV-10-0099-PHX-DGC, 2010 WL 3998047, at *7 (D. Ariz. Oct. 12, 2010) (denying leave to amend *pro se* complaint arising out of foreclosure action where plaintiff had been advised of Rule 8's pleading requirements and had previous opportunity to cure the pleading deficiencies, but had failed to do so) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved by any amendment)).

## IV. CONCLUSION

Based on the foregoing, the court *sua sponte* DISMISSES Plaintiff's second amended complaint (Dkt. # 9) without leave to amend. Because Plaintiff's second amended complaint fails to state a claim upon which relief may be granted, Plaintiff has failed to establish a likelihood of success on the merits or serious questions going to the merits of his claims. Accordingly, the court also DENIES Plaintiff's third motion for a preliminary injunction and temporary restraining order (Dkt. # 10).

Dated this 4th day of May, 2012.

/s/ James L. Robart

JAMES L. ROBART
United States District Judge